Dear Ms. Gravois:
This office is in receipt of your request for an opinion of the Attorney General in regard to one of the members appointed by the Governor to the Board of Election Supervisors continuing to hold that position when running for Constable in the 2002 election. You ask whether he has to resign his position on the Board to run for constable, and if he does, how long before the election should he resign.
In Atty. Gen. Op. 82-730 this office was faced with an inquiry as to whether a member sitting on the East Baton Rouge Parish Board of Election Supervisors, who was also a candidate in an upcoming election, constituted any violation of law. Having found the selection of commissioner by board members was substantially restricted, this office stated as follows:
 Thus, as a general rule, a member of a parish board of election supervisors who is a candidate in an election, and who sits on the board during the selection of election commissioners, does not violate state law.
Accordingly, we find no statutory provisions that would require resignation from the position on the Board of Election Supervisors in order to run for constable. Moreover, if elected, R.S. 42:63 would not prohibit a constable from remaining on the Board. The statutory provision prohibits one holding an elective office in a political subdivision of this state from holding at the same time "another elective office orfull-time appointive office in the government of this state or in the government of a political subdivision thereof." In this regard this office has found that serving on the Parish Board of Election Supervisors is considered a part-time appointive position. Atty. Gen. Op. 00-417, 96-378.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Received: August 29, 2001
Date Released: October 4, 2001